IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:18CR3090 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| ANTONIO AGUILAR ESCOBAR, | ) | |
| Defendant. | ) | |

This matter is before me for a second time on the Findings and Recommendation (F&R) of Magistrate Judge Cheryl R. Zwart, filed on November 30, 2018 (Filing 27).[1] On December 12, 2018, I entered a Memorandum and Order (Filing 29) adopting the F&R and, in accordance with Judge Zwart's recommendation, denied Defendant's Motion to Dismiss (Filing 17). I noted that defense counsel had informed the court by email that no objection to the F&R would be filed.

On February 14, 2019, Defendant was appointed new counsel (Filing 44). On March 19, 2019, Judge Zwart entered an Order (Filing 50) providing, among other things, that "Defendant's motion to untimely object to and/or appeal the findings and recommendation ... on Defendant's motion to dismiss (see Filing Nos. 17, 27 and 29) shall be filed on or before April 4, 2019." On April 4, 2019, Defendant filed an "Unopposed Motion to Extend Time to File Objection to Denial of Motion to Dismiss" (Filing 51), which was granted on April 5, 2019 (Filing 53).

On April 19, 2019, Defendant filed an Objection to Magistrate Judge's Findings, Recommendation, and Order (Filing 56), together with a supporting brief (Filing 57). The government filed an opposing brief on May 3, 2019 (Filing 58).

The pending motion is, in effect, a motion for reconsideration of my December 12, 2018 Memorandum and Order adopting the F&R and denying Defendant's Motion to

---

[1] This filing also included an Order setting the case for trial.

Dismiss. (Judge Zwart's March 19, 2019 Order did not grant Defendant an extension of time to object to the F&R, which had already been adopted, but merely established a deadline for filing an untimely objection.) The Eighth Circuit has not set forth the appropriate standard for "motions for reconsideration raised in criminal cases outside of the suppression context," but recognizes that other Circuits use the civil standard. *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (citing cases); *see United States v. Derockbraine*, No. 8:18CR110, 2019 WL 294802, at *2 (D. Neb. Jan. 23, 2019). Generally, a civil motion to reconsider is used to "'correct[ ] manifest errors of law or fact or ... present newly discovered evidence.'" *Id.* (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)). Judged by this standard, the motion for reconsideration must be denied because Defendant has not presented any new evidence or demonstrated any manifest error in my previous ruling.

Defendant only argues, as he did before the Magistrate Judge, that the indictment charging him with illegal reentry under 8 U.S.C. § 1326 should be dismissed because the immigration judge who ordered his removal from the country in 1996 lacked jurisdiction and the removal proceeding was fundamentally unfair. Defendant's arguments were fully addressed, and rightfully rejected, in the F&R and require no further discussion. Even if the F&R were open to further review by reason of the pending motion, Judge Zwart correctly found the facts and applied the law in recommending that Defendant's Motion to Dismiss be denied.

Accordingly,

IT IS ORDERED that Defendant's Objection to Magistrate Judge's Findings, Recommendation, and Order (Filing 56) is denied.

DATED this 9th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
